UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES NATHAN HOLLINGSWORTH | ) | Case No. 09-35332 |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| FAIRDALE AREA COMMUNITY | ) | |
| MINISTRIES, INC. | ) | |
| | ) | |
| Plaintiff | ) | AP No. 10-3006 |
| | ) | |
| vs. | ) | |
| JAMES NATHAN HOLLINGSWORTH | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM**

This matter comes before the Court on the Motion for Summary Judgment filed by the Fairdale Area Community Ministries, Inc. ("Ministries"). Upon consideration of the motion, the attached exhibits, the response filed by the Defendant, James Hollingsworth ("Hollingsworth"), and the record in this case, the Court rules as follows:

**I.    STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. §1409(a).

**II.    SUMMARY JUDGMENT STANDARD**

The Court can render summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is appropriate when the record taken as a whole, and viewed in the light most favorable to the nonmoving party, could not lead a rational trier of fact to find for the nonmoving party.

Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank v. Cities Service Co., 391 U.S. 253, 289 (1968)). The party seeking summary judgment bears the burden initially of showing that there is no genuine issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986). The moving party may rely on the pleadings, depositions, answers to interrogatories, and admissions on file. Id. When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, summary judgment should be granted. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805 (1999) (quoting Celotex, 477 U.S. at 322).

Once the moving party has made a proper motion for summary judgment, the nonmoving party may not rely upon mere allegations to rebut the motion, but instead must set forth specific facts demonstrating that a genuine issue of material fact exists for trial. Fed. R. Civ. P. 56(e). The nonmoving party must produce more than a "mere scintilla" of evidence to support its claim, once a properly supported motion for summary judgment has been made.

### III.   UNDISPUTED FACTS

1. Ministries employed Hollingsworth from 1999 until 2005. From 2001 until his termination in 2005, Hollingsworth served in the position of Executive Director.

2. Some of Hollingsworth's duties included fund raising, grant writing, and financial management. Hollingsworth was authorized to write checks from Ministries' bank accounts, use Ministries' credit cards and access Ministries' credit lines at certain vendors.

3. According to Ministries, Hollingsworth misappropriated Ministries' funds. Ministries alleges Hollingsworth used Ministries' funds to purchase a personal laptop computer, cashed

a $1,000.00 check to himself, and made $3,000.00 in donations to Christ Church in his own name.

4. As stated above, Ministries terminated Hollingsworth in 2005. In December 2005, Hollingsworth filed suit against Ministries in Jefferson Circuit Court, alleging Ministries owed him for unpaid wages, compensatory time, and vacation time. When Hollingsworth filed the suit, he was represented by counsel.

5. Ministries filed a counterclaim in 2006 based upon the unauthorized and non-work-related expenditures by Hollingsworth while employed by Ministries.

6. For some time, the parties engaged in discovery in the Jefferson Circuit Court action. In August, 2006, Hollingsworth's attorney moved to withdraw as Hollingsworth's counsel. The Circuit Court granted that motion by order entered August 14, 2006, and Hollingsworth did not obtain new counsel.

7. On September 14, 2006, Hollingsworth filed a letter with Circuit Court indicating that he "thought it best to drop the suit for the sake of all parties." Accordingly, on September 29, 2006, the Circuit Court dismissed Hollingsworth's claims against Ministries. That order specifically stated that Ministries' counterclaim would remain active.

8. On April 13, 2009, Ministries filed its Motion for Summary Judgment on its Counterclaim. Hollingsworth did not respond to the summary judgment motion and, on June 23, 2009, the Circuit Court entered its Opinion and Order finding Hollingsworth converted Ministries property and awarded a judgment in favor of Ministries and against Hollingsworth in the amount of $6,967.53.

9. Citing <u>Kentucky Ass'n of Counties All Lines Fund Trust v. McClendon</u>, 157 S.W.3d 626, 632 (Ky. 2005), the Circuit Court found that in order to prevail on a claim of conversion, an injured party must establish the following necessary elements: 1) the plaintiff had legal title to the converted property; 2) the plaintiff had possession of the property or the right to possession at the time of conversion; 3) the defendant exercised dominion over the property in a manner which denied the plaintiff's rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment; 4) the defendant intended to interfere with the plaintiff's possession; 5) the plaintiff made some demand for the property's return; 6) the defendant's act was the legal cause of the plaintiff's loss of the property; and 7) the plaintiff suffered damage by the loss of property.

10. The Circuit Court found that Ministries established the first, second, third, fourth, fifth, sixth, and possibly the seventh element. After noting Hollingsworth's failure to respond to the summary judgment motion, the Circuit Court found that Ministries offered sufficient proof to find that Hollingsworth converted property belonging to Ministries and that he intended to interfere with Ministries' possession.

11. On October 16, 2009, Hollingsworth filed a petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code. In Item 21 of Schedule B, which requires a debtor to list "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," Hollingsworth answered "None." Nowhere else in the petition, sworn schedules, statement of financial affairs, or subsequent amendments thereto, did Hollingsworth disclose that he possessed any claims against Ministries.

12. On November 25, 2009, the Trustee filed a Report of No Distribution indicating that this was a "no asset" case.

13. On January 20, 2010, the Court granted Hollingsworth a discharge and closed this case.

14. On January 19, 2010, Ministries filed this adversary seeking to except its $6,967.53 debt from discharge under 11 U.S.C. § § 523(a)(2), (a)(4), and (a)(6).

15. Hollingsworth filed his answer to the complaint on February 9, 2010, denying that the debt should be excepted from discharge. He further alleged that he previously returned some of the personal items purchased to Ministries and that he was entitled to a set-off for amounts due him by Ministries.

16. On June 22, 2010, Ministries filed the Motion for Summary Judgment currently before the Court. According to Ministries, the Court should give preclusive effect to the Jefferson Circuit Court judgment and find that collateral estoppel should be applied to preclude Hollingsworth from relitigating the action in bankruptcy court. Ministries contends that the state court's finding of conversion is sufficient to hold this debt non-dischargeable under 11 U.S.C. § § 523(a)(4) and (a)(6).

17. Hollingsworth filed a response in opposition to Ministries summary judgment motion. He attempts to parse the $6,967.53 judgment and argue that he did not really convert the whole amount found by the Jefferson Circuit Court. He further contends he is entitled to a set-off in the amount of $3,963.51 from several sources including vacation pay, compensatory pay, mileage, and work related expenses.

**IV.     CONCLUSIONS OF LAW**

Discharge exceptions, such as § 523(a)(6), are narrowly construed in favor of the debtor. Meyers v. I.R.S. (In re Meyers), 196 F.3d 622, 624 (6th Cir.1999). The creditor bears the burden of proving by a preponderance of the evidence that a discharge exception applies. Id. Under § 523(a)(6), debts arising from a " 'willful and malicious injury by the debtor to another entity or to the property of another entity' " may be excepted from discharge. Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (quoting 11 U.S.C. § 523(a)(6)). For the discharge exception under § 523(a)(6) to apply, a debtor must: (1) "will or desire harm[;]" or (2) "believe injury is substantially certain to occur as a result of his behavior." Markowitz v. Campbell (In re Markowitz), 190 F.3d 455, 465 n. 10 (6th Cir.1999).

The Court will first address the collateral estoppel issue. Ministries contends that the summary judgment entered in the Jefferson Circuit Court action precludes Hollingsworth from contesting that the debt arising from his actions should be held non-dischargeable under either § 523(a)(4) or § 523(a)(6). Hollingsworth counters that since he was unrepresented when the motion for summary judgment was decided, the Court should not apply collateral estoppel to prevent him from litigating the merits of the action.

Collateral estoppel "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." Sanders Confectionery Prods., Inc. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir.1992). "[T]he whole premise of collateral estoppel is that once an issue has been resolved in a prior proceeding, there is no further factfinding function to be

performed." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 n. 23, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Collateral estoppel may be used in the bankruptcy context to preclude parties from re-litigating issues previously litigated in a state court forum. Spilman v. Harley, 656 F.2d 224, 228 (6th Cir. 1981). Specifically, collateral estoppel may be applied in dischargeability proceedings, such as this adversary proceeding. To invoke collateral estoppel, a party must (1) show the precise issue was raised in the prior proceeding between the same parties or parties in privity with them, (2) show it was actually litigated, and (3) show that its determination was necessary to the outcome in state court. Id.

As applied to this adversary proceeding, it is clear that each of these requirements has been met. First, the issue of conversion of property was the central finding of the Jefferson Circuit Court. The Sixth Circuit has created a non-exclusive list of the types of misconduct that would satisfy the willful and malicious injury standard under § 523(a)(6): "intentional infliction of emotional distress, malicious prosecution, conversion, assault, false arrest, intentional libel, and deliberately vandalizing the creditor's premises." Steier v. Best (In re Best ), 109 F. App'x 1, 5 & n. 2 (6th Cir.2004) (emphasis added). Here, the state court found not only that Hollingsworth converted Ministries property, but that he also "intended to interfere" with Ministries' possession. Thus, the precise issues for a § 523(a)(6) action were litigated in the previous state court matter.

Second, the matter must be actually litigated. In this case, Hollingsworth initiated the state court case, he participated in discovery, and he had an opportunity to respond to the summary judgment motion. As such, it seems clear to this Court that the matter was actually litigated. Hollingsworth contends that because he withdrew his claims, and believed the matter was

7

"resolved," this Court should not find the matter was actually litigated. This Court does not agree. The situation in this case is very much like the situation presented in United States v. Gottheiner (In re Gottheiner), 703 F.2d 1136 (9th Cir. 1983). The debtor in Gottheiner, like Hollingsworth, lost on an unopposed motion for summary judgment in a lawsuit that preceded his bankruptcy. Id. at 1138. In the bankruptcy case, the debtor attempted to introduce evidence to dispute the debt. Id. at 1139. The bankruptcy court refused to allow such evidence to be admitted, and applied collateral estoppel to find that the judgment was nondischargeable. Id. On appeal, the debtor argued that because the summary judgment motion went unopposed – after the debtor's attorney attempted to withdraw – the judgment had not been "actually litigated." Id. at 1140. The Ninth Circuit held that the debtor actively defended the case for sixteen months and that when his attorney attempted to withdraw, he simply "presented no opposition to the government's summary judgment motion." Id. The Ninth Circuit held that just because "Gottheiner decided his case was no longer worth the effort does not alter the fact that he had his day in court." Id. at 1140. The Circuit upheld the bankruptcy court's application of collateral estoppel and the previous judgment was given preclusive effect. Id. This Court agrees with and adopts the reasoning of the Ninth Circuit on this point.

Finally, the party wishing to invoke collateral estoppel must show that the issue determined was necessary to the outcome in state court. Here, in order to find a party liable for conversion, the state court needed to find that Hollingsworth converted Ministries property with the intent to deprive it of its rightful possession of the property. The Jefferson Circuit Court found that Hollingsworth converted Ministries' property and, in two separate instances, specifically found that Hollingsworth acted with intent to interfere with Ministries' possession of its property. Because the state court's

order clearly indicates that the § 523(a)(6) elements were "actually and directly litigated" and "necessary to the final judgment[,]" this Court must apply the collateral estoppel doctrine to Ministries' § 523(a)(6) claim.

Because the Court finds sufficient grounds to apply collateral estoppel on the § 523(a)(6) count, there is no need to address the § 523(a)(4) count. This does not, however, end the case. Hollingsworth in both his answer and his response to the summary judgment motion makes reference to the fact that he should be allowed to set-off any amount owed to Ministries with the amount he claims Ministries owes him. Ministries opposes this request stating that Hollingsworth is judicially estopped from making such claims. Ministries argues that because Hollingsworth failed to list any set-off claims in his sworn bankruptcy schedules, he is now precluded from asserting those claims in this proceeding.

Section 521(1) of the Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (quoting Pegram v. Herdrich, 530 U.S. 211, 227 n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)). Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." Lewis v. Weyerhaeuser Co., 141 Fed. Appx. 420 (6th Cir. 2005) (quoting Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002).

In Browning v. Levy, 283 F.3d 761 (6th Cir. 2002), the Sixth Circuit held that judicial

9

estoppel bars a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." Id. at 775 (internal quotation omitted).

This case squarely satisfies the Browning standard. First, Hollingsworth swore in his schedules that he possessed no set-off claims. Any allegations that he now possesses such claims is clearly contrary to his sworn bankruptcy schedules. Second, it is also clear that in granting a discharge and closing this "no asset" case, this Court adopted Hollingsworth's statement that he had no claims against Ministries.

This Court, however, cannot stop with the Browning standard. Recent case law from the Sixth Circuit has held that a bankruptcy court must also consider an absence of bad faith in determining whether to apply judicial estoppel. White v. Wyndham Vacation Ownership, Inc., 2010 WL 3155161 (6th Cir. 2010); Eubanks v. CBSK Fin. Group, Inc., 385 F.3d 894 (6th Cir. 2004). In Eubanks, the Circuit reversed the district court's decision to apply judicial estoppel despite the plaintiffs' knowledge of a claim that they had omitted from a previous bankruptcy petition case. In Eubanks, although the debtors omitted their cause of action from the bankruptcy schedules, they (1) orally notified the bankruptcy trustee of the claim during the meeting of creditors; (2) inquired of the trustee on several occasions about his intentions with respect to the claim; (3) filed pleadings in the bankruptcy court regarding the claim; (4) moved to allow the trustee to be substituted for plaintiffs after the action was filed and after the trustee refused to abandon the claim in the bankruptcy proceeding; and (5) filed an amendment to their original bankruptcy petition to add the action to their bankruptcy schedules. Id. at 896-97. The Circuit held that although the plaintiffs had

knowledge of the claim during the pendency of the bankruptcy proceeding, they demonstrated that their omission was in good faith. The Circuit held the omission inadvertent given the plaintiffs' "constant affirmative" efforts to inform the trustee and the bankruptcy court of the claim "through correspondence, motions, and status conference requests . . . ." Id. at 899. Thus, in the absence of bad faith, the equitable principles governing judicial estoppel may not apply.

Hollingsworth's actions in the present case fall far short of the actions taken by the debtors in Eubanks. Hollingsworth has done nothing to disclose these claims to the Trustee or this Court. Unlike in Eubanks, Hollingsworth did not orally notify the Trustee at the meeting of creditors. He did not correspond with the Trustee and he never filed an amendment to disclose these claims.

"Once a defendant demonstrates that a finding of judicial estoppel is supported by the record, a plaintiff must come forward and show why the doctrine should not apply under the facts of the case." Pate v. United Parcel Service, Inc., 2006 WL 2076795 (E.D. Tenn. 2006). Hollingsworth has offered nothing to show why judicial estoppel should not apply. All of these factors taken as a whole, compels this Court to conclude that Hollingsworth has not acted in good faith and, therefore, the Court should apply judicial estoppel. A judgment accompanying this Memorandum shall be entered this same date.

David T. Stosberg
United States Bankruptcy Judge

Dated: August 27, 2010

11

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: ) | | |
| JAMES NATHAN HOLLINGSWORTH ) | Case No. 09-35332 | |
| ) | | |
| Debtor ) | | |
| _____ ) | | |
| FAIRDALE AREA COMMUNITY ) | | |
| MINISTRIES, INC. ) | | |
| ) | | |
| Plaintiff ) | AP No. 10-3006 | |
| ) | | |
| vs. ) | | |
| JAMES NATHAN HOLLINGSWORTH ) | | |
| ) | | |
| Defendant ) | | |

**JUDGMENT**

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Ministries' Motion for Summary Judgment is **GRANTED**, the debt in the amount of $6,967.53 is non-dischargeable under the provisions of 11 U.S.C. § 523(a)(6).

This is a final and appealable order and there is no just reason for delay.

_____
David T. Stosberg
United States Bankruptcy Judge

Dated: August 27, 2010